IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil No. 4:11-mc-353 HEA |
| ) | |
| FRANK L. ZERJAV, SR. ) | |
| ) | |
| Respondent. ) | |

**ORDER**

The United States of America seeks enforcement of a summons issued to Frank L. Zerjav, Sr. on January 6, 2011, for electronic QuickBooks records and electronic backup files of Advantage SourceOne. (Dkt. No. 1) The Internal Revenue Service is conducting an investigation to determine the tax liabilities of Zerjav and Advantage SourceOne. Zerjav admits that he is the corporate officer of Advantage SourceOne, and does not deny that he owns and operates the company. An IRS summons should be enforced if the government shows: (1) that the investigation is for a legitimate purpose; (2) that the requested material is relevant to the investigation; (3) that the material is not already in the agency's possession; and (4) that the proper administrative steps have been followed. *United States v. Powell*, 379 U.S. 48 (1964).

The government's petition, and the accompanying affidavits of three Internal Revenue Service Agents, satisfied the *Powell* requirements and established a *prima facie* case for enforcement of the summons. (Dkt. No. 1, & Exs. 2, 3 & 4); *see United States v. Norwest Corp.*, 116 F.3d 1227, 1233-34 (8th Cir. 1997); *United States v. Moon*, 616 F.2d 1043, 1046 (8th Cir. 1980). They established that the IRS's investigation is for a legitimate purpose, that the

electronic QuickBooks records and backup files sought by the summons are relevant to the investigation and will allow the IRS to test the overall integrity and veracity of the electronic records, that the material is not already in the agency's possession, that the proper administrative steps have been followed, and that no Justice Department referral, as defined by 26 U.S.C. § 7602(d), is in effect.

The burden then shifted to Zerjav to put forth sufficient facts to rebut the government's showing or to establish that the summons would otherwise constitute an abuse of the Court's process. *Robert v. United States*, 364 F.3d 988, 995-96 (8th Cir. 2004). In his initial Response to the Petition, which he titled a Motion to Quash Petition, and in his accompanying memorandum, Zerjav made only conclusory allegations in opposition to enforcement. (Dkt. Nos. 6 & 7) That was insufficient to carry his heavy burden and, consequently, the Court denied his Motion to Quash. (Dkt. No. 9). Zerjav subsequently moved for reconsideration of the Court's order. (Dkt. Nos. 10 & 11). Once again, Zerjav made only conclusory allegations in support of his motion and in opposition to enforcement, and thus failed to carry his heavy burden.

Accordingly, and after due consideration, Zerjav's Motion for Reconsideration (Dkt. No. 10) is **DENIED**, and the United States' Petition to Enforce Internal Revenue Service Summons (Dkt. No. 1) is **GRANTED**. Zerjav shall have until October 7, 2011 to produce, and turn over to Revenue Agent Everett Nagel, the electronic records requested in the January 11, 2011 summons at issue.

IT IS SO ORDERED this 25th day of October, 2011.

Honorable Henry E. Autrey
UNITED STATES DISTRICT JUDGE